NO. 07-01-0245-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



APRIL 1, 2002



______________________________




CHRISTINA LASHAWN MARTINEZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B13655-0002; HONORABLE ED SELF, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Pursuant to a plea of guilty for forgery, on February 23, 2000, appellant Christina
Lashawn Martinez was granted deferred adjudication and placed on community
supervision for two years. On July 10, 2000, the trial court found that appellant had
violated three conditions of her community supervision and adjudicated her guilty of the
original offense. Punishment was assessed at two years confinement, suspended for five
years. Then, on May 7, 2001, pursuant to the State's motion to revoke community
supervision for numerous violations of the terms and conditions thereof, the trial court
revoked community supervision and imposed a sentence of two years confinement in a
state jail facility. In presenting this appeal, counsel has filed an Anders (1) brief in support
of a motion to withdraw. Based upon the rationale expressed herein, we affirm.

 In support of his motion to withdraw, counsel has certified that he has diligently
reviewed the record and, in his opinion, the record reflects no reversible error or grounds
upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87
S.Ct. 1396, 18 L.Ed.2d 493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San
Antonio 1984, no pet.). Thus, he concludes the appeal is frivolous and without merit. In
compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has
candidly discussed why, under the controlling authorities, there is no error in the court's
judgment. Counsel has also shown that he sent a copy of the brief to appellant, and
informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel
has demonstrated that he notified appellant of her right to review the record and file a pro
se brief if she desired to do so. Appellant did not file a pro se brief. The State did not
favor us with a brief.

 When reviewing an order revoking community supervision, the sole question before
this Court is whether the trial court abused its discretion. Jackson v. State, 645 S.W.2d
303, 305 (Tex.Cr.App. 1983). In a revocation proceeding, the State must prove by a
preponderance of the evidence that appellant violated a condition of community
supervision. Cobb v. State, 851 S.W.2d 871, 874 (Tex.Cr.App. 1993). Although one
sufficient ground for revocation supports the trial court's order, Moore v. State, 605 S.W.2d
924, 926 (Tex.Cr.App. 1980), a plea of true standing alone is sufficient to support the trial
court's revocation order. Moses v. State, 590 S.W.2d 469, 470 (Tex.Cr.App. 1979).

 At the hearing on the State's motion to revoke, after appellant was properly
admonished, she voluntarily and knowingly entered a plea of true to some but not all of the
State's allegations. By written stipulation, she also claimed that all allegations in the
State's motion to revoke, with the exception of portions of the second and fourth
paragraphs, were true and correct. She admitted committing theft at a K-Mart to be "part
of the crowd, and be - to fit in." She also confirmed that she tested positive for marihuana
in August 2000, just one month after being placed on community supervision. Based on
the evidence presented, the trial court was within its discretion in revoking appellant's
community supervision for violations of the terms and conditions thereof.

 Counsel presents four arguable points of error, to wit: (1) whether the evidence is
legally and factually sufficient to establish the elements of "scienter and property" on the
revocation offense; (2) whether the State failed to prove identity during the revocation
proceeding; (3) whether appellant's conviction for forgery was void as the indictment on
its face failed to allege the crime charged; and (4) whether appellant received ineffective
assistance of counsel for the revocation. However, after a discussion of the evidence and
legal authorities, counsel concedes that no reversible error is presented. 

 We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support the appeal. See Penson v.
Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d
503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel
that the appeal is without merit and is, therefore, frivolous. Currie v. State, 516 S.W.2d
684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

 Accordingly, counsel's motion to withdraw is hereby granted and the judgment of
the trial court is affirmed.

 Don H. Reavis

 Justice


Do not publish. 
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).



sdException Locked="false" Priority="71" SemiHidden="false"
 UnhideWhenUsed="false" Name="Colorful Shading"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00088-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



MAY
5, 2010

 



 

IN RE FRANK DWIGHT CARTER, RELATOR



 



 

 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

 

Relator, Frank Dwight Carter, has filed a Petition for Writ of
Mandamus requesting this Court order respondent, Jean Anne Stratton, clerk of
the court,[1]
to recognize the jurisdiction of the [S]eventh
District Court of Appeals, and to issue an order that the 99th
District Court of Lubbock County waived jurisdiction over the subject matter
and the case with the motion to dismiss on July 12th, 1989 in case
NO. 89-409,601, and after.@ 
We deny the petition.

Texas
Rule of Appellate Procedure 52.3[2]
identifies the requirements for a petition for writ of mandamus filed in this Court.  Carter has failed to comply with these
requirements.  Rule 52.3(a) requires that
a petition must include a complete list of all parties and the names and
addresses of all counsel.  Carter does
not list the names of the parties against whom he seeks mandamus relief apart
from their identification in the argument portion of his petition.  Further, certain persons are named in the
petition without any argument identifying why they were identified in the
document.  Rule 52.3(b) requires that the
petition include a table of contents with references to the pages of the
petition and an indication of the subject matter of each issue or point raised in the petition. 
Carter=s petition includes no table of
contents.  Rule 52.3(c) requires that a
petition include an index of authorities in which all authorities cited in the
petition are arranged alphabetically and the page(s) upon which the authorities
are cited is indicated.  Carter=s petition includes no index of
authorities.  Rule 52.3(d) requires a
statement of the case that includes a statement of the nature of the underlying
proceeding.  Carter=s petition does not contain a
statement of the case, and does not identify the nature of the underlying
proceeding.[3]  Rule 52.3(f) requires the petition include a
concise statement of all issues or points presented for relief.  Carter=s petition includes no such statement.  Rule 52.3(g) requires the petition include a
statement of facts supported by citation to competent evidence included in the
appendix or record.  Carters petition
includes a section entitled Facts upon which petitioner relies, but this
section simply references documentary evidence that may be included in the
appendix, but none of the documents included in the appendix are
identified.  Rule 52.3(h) requires a
clear and concise argument for the contentions made, with appropriate citations
to authorities.  Other than one statutory
citation relating to this Courts jurisdiction over original proceedings,
Carter cites no legal authority.  Rule
52.3(i) requires that the petition include a short
conclusion that clearly states the nature of the relief sought.  After multiple readings of Carters petition,
the most that can be determined regarding the relief that Carter is seeking is
that he wants this Court to issue an order that the 99th District
Court did not have jurisdiction to enter judgment in cause number 89-409,752
after it granted dismissal in cause number 89-409,601.  Carter wholly fails to provide any
identification of any basis upon which this Court could conclude that the 99th
District Court did not have jurisdiction to enter judgment in cause number
89-409,752.  Finally, Rule 52.3(k)(1)(A) requires that the appendix to the petition include a
certified or sworn copy of any order complained of, or other document showing
the matter complained of.  The documents
included in Carters appendix are neither certified nor sworn to, and do not
include a copy of the judgment in cause number 89-409,752 or the order of
dismissal in cause number 89-409,601. 
Each of these items are required in a petition
for writ of mandamus and, as Carter has failed to include them in his petition,
we may not grant the relief that he requests.

 

As
Carter=s petition for writ of mandamus does
not comply with the requirements of Rule 52.3 and wholly fails to identify the
relief sought, we deny the petition.

                                                                                                

 

 

Mackey K. Hancock 

                                                                                                            Justice

 

 

            








 











[1]
We note that the Honorable Jean Anne Stratton is
now serving in the position of Justice of the Peace, Precinct 4.  The current District Clerk of Lubbock County
is Barbara Sucsy. 
We will read Carters petition as directed to the position of District
Clerk rather than as against the named respondent. 

 





[2]Further citation of Texas Rules of
Appellate Procedure will be by reference to ARule __.@





[3] Carters petition appears to be a collateral
attack on the jurisdiction of the 99th District Court in relation to
a judgment entered in cause number 89-409,752 following the dismissal of a
cause number 89-409,601.  However,
nothing in Carters petition identifies the nature of the proceedings
underlying this petition.